**Welton ZOLICOFFER, Plaintiff,**

v.

**W. SCOTT, Warden, et al., Defendant.**

**No. Civ.A. 1:97–CV–1400–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 2, 1999.

Welton Zolicoffer, Marianna, FL, pro se.

Patricia Rebecca Stout, Office of United States Attorney, Atlanta, GA, for defendant.

## ORDER

THRASH, District Judge.

This is a *pro se Bivens* civil rights action. At issue is the alleged illegal transfer of Plaintiff from one federal institution to another and his alleged mistreatment while in transit. The case is before the Court on Defendants' Motion to Dismiss [Doc. 25]. Plaintiff has also filed a Motion of Certain [Doc. 30] and a Motion of Admission [Doc. 36]. For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I. BACKGROUND

Plaintiff is currently (or was until recently) incarcerated in the federal penitentiary at Yazoo City, Mississippi. According to Plaintiff's allegations, Defendant Scott is Warden of the Atlanta Federal Prison, and Defendant Pearson is the "Designator for the Southeast Regional Office for the Bureau of Prisons." [Doc. 14, p. 4]. Plaintiff alleges that Defendant Pearson transferred him from the federal prison in Miami, located near Plaintiff's family, to the federal penitentiary in Yazoo City, Mississippi. Plaintiff alleges that the transfer was in retaliation for Plaintiff's filing of lawsuits against Bureau of Prisons officials in Florida. According to Plaintiff's original Complaint, he currently has four *pro se* cases pending in various district courts in addition to the instant action. [Doc. 1]. Plaintiff alleges that Defendant Scott placed him on "death row" during Plaintiff's temporary stay at the Atlanta Penitentiary while in transit to Yazoo City.

Plaintiff filed his original Complaint in May, 1997. He filed his First Amended Complaint in September, 1997, to add additional defendants and a demand for a jury trial. [Doc. 8]. With leave from the Court, Plaintiff filed his Second Amended Complaint in March, 1998. [Doc. 14] In October 1998, the Court dismissed Plaintiff's claims challenging his conditions of confinement, i.e., that he was deprived of access to the prison library and that prison officials had negligently failed to remove false information from his central file. [Doc. 16] In the same Order, the Court dismissed Defendants Parks, Clark, Hawk, Hogan, Cheney, Holland, Taylor and Minter–Smith. Accordingly, the only claims still remaining before this Court are Plaintiff's allegations that Defendant Scott placed him on "death row" in order to punish him, and that Defendant Pearson transferred Plaintiff to Yazoo City in retaliation for prior litigation.

Plaintiff was convicted of various drug trafficking offenses in the Middle District of Pennsylvania in September, 1988. For this conviction, Plaintiff received a sentence of 210 months incarceration. Plaintiff has a projected release date of May 10, 2003. Plaintiff entered the Federal Bureau of Prisons on October 17, 1988, to begin serving his term of incarceration. Initially, Plaintiff was designated to Ashland Federal Prison on October 17, 1988, and remained there until April 4, 1989. From April, 1989, through June 26, 1995, Plaintiff was transferred to several other institutions. On June 27, 1995, Plaintiff was sent to the federal prison in Miami, Florida. Plaintiff remained at Miami through April 22, 1997, when he was transferred to the Atlanta Penitentiary as a hold-over in transit to his designated facility, Yazoo Federal Prison in Yazoo City,

Mississippi. Plaintiff was temporarily housed at the Atlanta prison from April 22, 1997, through June 17, 1997. Plaintiff was transferred to Yazoo City on June 17, 1997.

While he was temporarily housed at the Atlanta prison, Plaintiff filed a BP–9 inmate request for administrative remedy, contesting his transfer to Yazoo City. Plaintiff stated that he believed that he was being transferred "in reference to staff members' discrimination against me, and thereafter retaliating by transferring...." [Doc. 25] (Defendants' Exhibit G, BP–9). In support of his allegation that his transfer from Miami was discriminatory and retaliatory, Plaintiff asserted in his BP–9 that he did not meet the criteria for transfer to a new facility. On June 12, 1997, Associate Warden Phillip T. Little at the Atlanta prison responded to Plaintiff's BP–9 and stated:

> A review of your record reveals you are currently incarcerated at USP—Atlanta as a holdover inmate, with a low security custody classification ... You are being transferred from FCI—Miami, a medium security facility, to FCI—Yazoo City, Mississippi, a low security facility. Your transfer is one of many transfers within the Southeast Region because Yazoo City is a new facility. Your transfer will help alleviate overcrowding at FCI—Miami and is appropriate due to your security level.

[Doc. 25] (Defendants' Exhibit G–2). Plaintiff's BP–9 request for administrative remedy, 134191–F1, was denied. Plaintiff received via hand-delivery his copy of this denial on July 1, 1997. [Doc. 25] (Defendants' Exhibit G–3).

Plaintiff appealed the denial of his BP–9 in a BP–10 sent to the Regional Director for the Southeast Region dated June 26, 1997. [Doc. 25] (Defendants' Exhibit G–4). At the top of the BP–10 Appeal form, instructions are provided directing inmates they **must** attach a completed BP–DIR–9, including any attachments, to the BP–10. Plaintiff did not follow these instructions,

and his appeal was rejected on July 1, 1997, for failure to attach his BP–9 to his regional appeal. [Doc. 25] (Defendants' Exhibit G–5). Plaintiff was instructed to resubmit his appeal with the required attachment, i.e., his BP–9 and the institution's response to his BP–9. Plaintiff responded to this notice by stating that he considered the BP–9 remedy to be in default because of the Warden's late response, and that he intended to proceed with his appeal to the next higher level.

On July 22, 1997, Plaintiff submitted his BP–11 appeal, Case No. 134191–A1, to the Bureau of Prison Central Office. [Doc. 25] (Defendants' Exhibit G–6). Plaintiff's appeal to the Central Office was rejected on or about August 7, 1997. Plaintiff was advised by the Central Office that his R–1 appeal had been properly rejected and that he had been instructed to resubmit the appeal. Plaintiff was further advised that he should follow the directions in his R–1 response if he wanted a response to his issue. Plaintiff did not comply with the instructions of the Central Office and never resubmitted his R–1 appeal. Instead, he filed this lawsuit.

## II. DISCUSSION

Plaintiff alleges that Defendant Scott violated his constitutional rights by placing Plaintiff on "death row" during his temporary stay at the Atlanta prison. Plaintiff alleges Defendant Pearson violated his constitutional rights by transferring him to the Yazoo City prison in retaliation for Plaintiff's filing of several lawsuits. Defendants contend that the action should be dismissed for Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The statute further provides:

> The court shall on its own motion or on the motion of a party dismiss any action

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c). The exhaustion requirement was discussed at length in the recent Eleventh Circuit case of *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir.1998). The court held that "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Id.* at 1325. The court went on to hold that exhaustion may not be excused based upon a judicial finding of futility or inadequacy. Furthermore, the court observed: "Requiring mandatory exhaustion if a prison has an available administrative grievance procedure is consistent with this Court's long-standing recognition of the usefulness of exhaustion requirements." *Id.* at 1327. The court specifically commented upon the Bureau of Prison's Administrative Remedy Program as an available administrative grievance procedure that must be exhausted by federal prisoners.

 In his Second Amended Complaint, Plaintiff does not address the issue of exhaustion of administrative remedies. [Doc. 14]. In his response to the Motion to Dismiss, Plaintiff relies upon Exhibits A–G attached to his response. The exhibits show that Plaintiff presented his grievance regarding the transfer to the Bureau of Prisons in a form BP–9 on May 5, 1997. The Administrative Remedy Coordinator granted an extension of time to respond to Plaintiff's grievance, making a response due June 18, 1997. The exhibits show that Associate Warden Phillip T. Little at the Atlanta prison responded on June 12, 1997. The exhibits also show that when Plaintiff filed the form BP–10, the next step in the administrative remedy requirements, Plaintiff failed to comply with the form's instructions. Form BP–10 requires the attachment of the BP–9 form. Plaintiff was given the opportunity to resubmit his BP–10 in compliance with the form's requirements. Plaintiff again failed to comply. As to Plaintiff's claim of his placement on "death row" at the Atlanta prison, Plaintiff does not allege that he took any step to comply with the administrative remedy requirement in addressing this claim. He contends that exhaustion is not required because he is seeking only monetary damages. Of course, that contention must fail in light of *Alexander v. Hawk*.

 Plaintiff has not satisfied the exhaustion requirement of 42 U.S.C. § 1997e. The clear mandate of *Alexander v. Hawk* is that a federal prisoner must exhaust the remedies available under the Bureau of Prisons' Administrative Remedy Program before filing an action such as this. The exhaustion requirement mandates a good faith, bona fide effort to comply with Bureau of Prisons procedures for obtaining an administrative remedy. Plaintiff did not do that. The record fails to show that Plaintiff fully exhausted his administrative remedies as to any of his claims against either of the Defendants. Therefore, the Motion to Dismiss should be granted.

## IV. CONCLUSION

The Defendants' Motion to Dismiss [Doc. 25] is hereby GRANTED. This action is dismissed without prejudice. The Motion of Certain [Doc. 30] is a response to the Motion to Dismiss and is DENIED. The Motion of Admission [Doc. 36] is in reality a Request for Admissions and is DENIED AS MOOT in light of the ruling on the Motion to Dismiss.

SO ORDERED, this 2 day of July, 1999.